UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED WASTE SERVICES OF NORTH AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER ALLEN CATRON,<br><br>Defendant. | Case No. 1:15-cv-01654-TLN-EPG<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED** |

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 231, Plaintiff Allied Waste Services of North America, LLC ("Plaintiff") filed an application for a temporary restraining order and an order to show cause why a preliminary injunction should not issue on November 2, 2015.[1] Upon consideration of the application, and for good cause shown, the Court HEREBY ORDERS as follows:

1.   The Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits of its claims against Defendant Christopher Catron ("Defendant" or "Catron") for violation of the California Uniform Trade Secrets Act based on his alleged acquisition of Allied's

---

[1] This matter has been submitted on the briefing pursuant to Local Rule 230(g) because the Court has concluded that oral argument would not be of material assistance in deciding this Motion. Plaintiff has requested to appear before the Court by telephone. (ECF No. 10.) Because the Court is not holding oral arguments on this matter, Plaintiff's request is hereby DENIED as MOOT.

trade secrets and breach of contract in connection with his alleged breach of multiple confidentiality agreements between the parties.  The Court further finds that Plaintiff has demonstrated that, without an order from this Court, it will suffer irreparable harm and that the balance of hardships strongly favors Plaintiff.  Accordingly, the Court finds that a temporary restraining order and order to show cause as to why a preliminary injunction should not issue are in the public interest.

2. The Court HEREBY TEMPORARILY RESTRAINS, ENJOINS, and ORDERS Defendant as follows:

   a. Catron is enjoined from possessing, using or disclosing any of Allied's Confidential Information, including its Customer List;

   b. Catron is required to account for (through expedited discovery) and return to Allied any and all of Allied's property and Confidential Information, including its Customer List and any property obtained by Catron from Allied;

   c. Catron is required to provide a written acknowledgment confirming that he has returned all of Allied's property and Confidential Information, including its Customer List;

3. For good cause showing, no security is required in this matter.

4. Defendant is hereby ordered to show cause as to why this order should not be extended until the conclusion of this litigation.  Defendant shall file a response with this Court within fourteen (14) days of the entry of this Order.

5. Depending on the Court's determination of Defendant's briefing in response to the Order to Show Cause, the Court may require that:

   a. Catron submit to the inspection of his personal and work email, servers, hard drives, computer(s), mobile devices, PDAs, USB drives and other computer equipment utilized by Catron, including any hosted equipment, by a forensic expert to ensure that Allied's Confidential Information, including its Customer List, does not exist on such devices; and

        b.     Catron appear for an expedited deposition.

6. This Order and all supporting pleadings and papers shall be served upon Defendant by November 13, 2015.

7. Because this matter has been decided on the briefing submitted to this Court without oral argument, Plaintiff's request to appear telephonically (ECF No. 10) is hereby DENIED as MOOT.

IT IS SO ORDERED.

Dated:  November 3, 2015

Troy L. Nunley
United States District Judge